## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DEXTER ANDREWS, RAYMOND DUNN,
NUNO GOMES, TITUS ROYAL,
MATTHEW SOLER, and NICHOLAS
YOUNG,

     Plaintiffs,

          v.

AMAZON.COM, INC.,

     Defendant.

Case No. 1:19-cv-11182-MLW

## DEFENDANT'S FIRST AMENDED ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND

Defendant Amazon.com, Inc. ("Defendant" or "Amazon"), by its undersigned attorneys, hereby answers the Class Action Complaint and Jury Demand ("Complaint") of Plaintiffs Dexter Andrews, Raymond Dunn, Nuno Gomes, Titus Royal, Matthew Soler, and Nicholas Young (collectively, "Plaintiffs"), as set forth below.

1.     Defendant admits that Plaintiffs purport to bring the instant action on behalf of themselves and other unidentified individuals. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint and specifically denies that Plaintiffs' claims are amenable to class action adjudication.

2.     Defendant admits that Plaintiffs purport to "call on Amazon to adopt a fair and nondiscriminatory background screening policy," but Defendant denies that its background check practices and/or policies are either unfair or discriminatory and further denies that Plaintiffs and those whom they purport to represent are entitled to any of the relief they seek.

3.      Because Amazon never employed Plaintiffs, Defendant lacks knowledge or information sufficient to form a belief as to their work performance while they were employed by certain third-party delivery service providers ("DSPs") with whom Amazon had contracted. On that basis, Defendant denies that "Plaintiffs were qualified for the work they were performing" and further denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that there are some studies indicating that communities of color are subject to policing and traffic enforcement and are arrested and convicted at rates higher than Caucasians, but Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5.  Defendant, therefore, denies those allegations and specifically denies that any of its practices have (or ever had) a discriminatory impact on Plaintiffs or any of the individuals they purport to represent.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant avers that the allegations in Paragraph 7 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief they seek under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and also denies that Plaintiffs' claims are amenable to class action litigation.

8.      Defendant admits Paragraph 8 of the Complaint.

9.      Defendant avers that the allegations in Paragraph 9 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that

Plaintiffs are entitled to any of the relief they seek and also denies that Plaintiffs' claims are amenable to class action litigation.

10.     Defendant avers that the allegations in Paragraph 10 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief they seek, including but not limited to a declaratory judgment.

11.     Defendant admits that its records indicate that Plaintiff Andrews is an adult resident of Dorchester, Massachusetts and that around June 16, 2016 Plaintiff Andrews's employer (Medical Logistics Services, Inc. ("MLSI")) assigned him to provide services to Amazon pursuant to the work order executed between MLSI and Amazon.  Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits that Amazon's records indicate that Plaintiff Dunn is an adult resident of Boston, Massachusetts and that around April 13, 2016 Plaintiff Dunn's employer (MLSI) assigned him to provide services to Amazon pursuant to the work order executed between MLSI and Amazon. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits that Amazon's records indicate that Plaintiff Gomes is an adult resident of Brockton, Massachusetts and that around May 14, 2016 Plaintiff Gomes's employer (Propark America ("Propark")) assigned him to provide services to Amazon pursuant to the work order Propark executed with Amazon.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits that Amazon's records indicate that Plaintiff Royal is an adult resident of Boston, Massachusetts and that around December 5, 2015, as well as around October

17, 2016, Plaintiff Royal's employer (VHU Express ("VHU")) assigned him to provide services to Amazon pursuant to the work order VHU executed with Amazon.  Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits that Amazon's records indicate that Plaintiff Soler is an adult resident of Attleboro, Massachusetts and that around October 7, 2016 Plaintiff Soler's employer (TForce Direct, Inc. ("TForce")) assigned him to provide services to Amazon pursuant to the work order TForce executed with Amazon.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that Amazon's records indicate that Plaintiff Young is an adult resident of Boston, Massachusetts and that around May 12, 2016 Plaintiff Young's employer (MLSI) assigned him to provide services to Amazon pursuant to the work order executed between MLSI and Amazon.  Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that Amazon is a corporation that is incorporated in the State of Delaware, that Defendant's principal place of business is in Washington State, and that Defendant sells products to customers through its online platform.  Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant avers that the allegations in Paragraph 18 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that it ever employed Plaintiffs and/or any of the individuals whom Plaintiffs purport to represent within the meaning of Title VII.

19.     Defendant admits that its annual revenues in the preceding two-year period were approximately $200 billion and that it sells millions of unique products to millions of customers

worldwide.  Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.      Defendant admits that Defendant contracts with third-party DSPs to coordinate and execute the delivery of some products to some Amazon customers.  Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.      Defendant admits that Plaintiffs were paid by the DSPs that they worked for and that the work orders that Defendant executes with DSPs contain certain contractual obligations as to terms of service.  Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.      Defendant admits that the work orders that Defendant executes with DSPs, the terms of which may vary from DSP to DSP, may contain some form of contractual obligation for DSPs to run a criminal background check and/or motor vehicle record check on DSP employees assigned to service Defendant's accounts.  Defendant denies the allegations remaining contained in Paragraph 22 of the Complaint.

23.      Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.      Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.      Defendant admits that there are some studies indicating that communities of color are subject to policing and traffic enforcement and are arrested and convicted at rates higher than Caucasians, but Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25.  Defendant, therefore, denies those allegations and specifically denies that any of its practices have (or ever had) a discriminatory impact on Plaintiffs or any of the individuals they purport to represent.

26.      Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint and specifically denies that it ever employed Plaintiffs and/or those whom they purport to represent and, accordingly, further denies that it ever terminated Plaintiffs and/or those whom they purport to represent.

28.     Defendant admits that the EEOC has issued the guidance referenced in Paragraph 28 of the Complaint and that Plaintiffs have selectively quoted some of that guidance.  That guidance, however, is a document, the terms of which speak for itself, and Defendant therefore denies any effort by Plaintiffs to characterize or suggest conclusions from the selectively quoted language.  Defendant further denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits that is aware of the EEOC's guidance.  Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant avers that the allegations in Paragraph 30 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that it ever acted as the "employer" of Plaintiffs or those whom they purport to represent within the meaning of Title VII and further denies that its background check practices have (or ever had) a discriminatory impact on Plaintiffs or any of the individuals they purport to represent.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint and specifically denies that it ever employed Plaintiffs and/or those whom they purport to represent and, accordingly, further denies that it ever terminated Plaintiffs and/or those whom they purport to represent.

32.     Defendant admits that its records indicate that around June 16, 2016 Plaintiff Andrews's employer (MLSI) assigned him to provide services to Amazon pursuant to the work

order MLSI executed with Amazon.  Defendant denies the remaining allegations contained in

Paragraph 32 of the Complaint and further avers that it lacks knowledge or information sufficient

to form a belief as to Plaintiff Andrews's race.

33.     Defendant admits that its records indicate that around June 16, 2016 Plaintiff

Andrews's employer (MLSI) assigned him to provide services to Amazon pursuant to the work

order MLSI executed with Amazon and that, upon information and belief, MLSI paid Plaintiff

Andrews for services Plaintiff Andrews provided to MLSI.  Because Plaintiff Andrews was not

Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to

the remainder of Paragraph 33 and, therefore, denies the same.

34.     Defendant admits that the work order executed by MLSI contained certain

contractual obligations regarding the procurement of criminal background and motor vehicle

record checks on MLSI employees assigned to service Amazon accounts. Because Plaintiff

Andrews was not Amazon's employee, Amazon lacks knowledge or information sufficient to

form a belief as to the remainder of Paragraph 34 and, therefore, denies the same.

35.     Because Plaintiff Andrews was not Amazon's employee, Defendant lacks

knowledge or information sufficient to form a belief as to Plaintiff Andrews's work performance

while employed by MLSI and, therefore, denies the allegations contained in Paragraph 35 of the

Complaint.

36.     Because Plaintiff Andrews was not Amazon's employee, Defendant lacks

knowledge or information sufficient to form a belief as to if and when MLSI terminated Plaintiff

Andrews's employment and, therefore, denies the allegations contained in Paragraph 36 of the

Complaint.

37.     Defendant admits that its records indicate that around April 13, 2016 Plaintiff Dunn's employer (MLSI) assigned him to provide services to Amazon pursuant to the work order MLSI executed with Amazon.  Defendant denies the remains allegations contained in Paragraph 37 of the Complaint and further avers that it lacks knowledge or information sufficient to form a belief as to Plaintiff Dunn's race.

38.     Defendant admits that its records indicate that around April 13, 2016 Plaintiff Dunn's employer (MLSI) assigned him to provide services to Amazon pursuant to the work order MLSI executed with Amazon and that, upon information and belief, MLSI paid Plaintiff Dunn for services Plaintiff Dunn provided to MLSI.  Because Plaintiff Dunn was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 38 and, therefore, denies the same.

39.     Defendant admits that the work order executed by MLSI contained certain contractual obligations regarding the procurement of criminal background and motor vehicle record checks on MLSI employees assigned to service Amazon accounts.  Because Plaintiff Dunn was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 39 and, therefore, denies the same.

40.     Because Plaintiff Dunn was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Dunn's work performance while employed by MLSI and, therefore, denies the allegations contained in Paragraph 40 of the Complaint.

41.     Because Plaintiff Dunn was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to if and when MLSI terminated Plaintiff Dunn from employment and, therefore, denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant admits that its records indicate that around May 14, 2016 Plaintiff Gomes's employer (Propark) assigned him to provide services to Amazon pursuant to the work order Propark executed with Amazon.  Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint and further avers that it lacks knowledge or information sufficient to form a belief as to Plaintiff Gomes's race.

43.     Defendant admits that its records indicate that around May 14, 2016 Plaintiff Gomes's employer (Propark) assigned him to provide services to Amazon pursuant to the work order Propark executed with Amazon and that, upon information and belief, MLSI paid Plaintiff Gomes for services Plaintiff Gomes provided to Propark.  Because Plaintiff Gomes was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 43 and, therefore, denies the same.

44.     Defendant admits that the work order executed by Propark contained certain contractual obligations regarding the procurement of criminal background and motor vehicle record checks on Propark employees assigned to service Amazon accounts.  Because Plaintiff Gomes was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 44 and, therefore, denies the same.

45.     Because Plaintiff Gomes was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Gomes's work performance while employed by Propark and, therefore, denies the allegations contained in Paragraph 45 of the Complaint.

46.     Because Plaintiff Gomes was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to if and when Propark terminated

Plaintiff Gomes from employment and, therefore, denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant admits that its records indicate that around December 5, 2015, as well as around October 17, 2016, Plaintiff Royal's employer (VHU) assigned him to provide services to Amazon pursuant to the work order VHU executed with Amazon.  Defendant denies the remains allegations contained in Paragraph 47 of the Complaint and further avers that it lacks knowledge or information sufficient to form a belief as to Plaintiff Royal's race.

48.     Defendant admits that its records indicate that around December 5, 2015, as well as around October 17, 2016, Plaintiff Royal's employer (VHU) assigned him to provide services to Amazon pursuant to the work order VHU executed with Amazon and that, upon information and belief, VHU paid Plaintiff Royal for services Plaintiff Royal provided to VHU.  Because Plaintiff Royal was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 48 and, therefore, denies the same.

49.     Defendant admits that the work order executed by VHU contained certain contractual obligations regarding the procurement of criminal background and motor vehicle record checks on VHU employees assigned to service Amazon accounts.  Because Plaintiff Royal was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 49 and, therefore, denies the same.

50.     Because Plaintiff Royal was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Royal's work performance while employed by VHU and, therefore, denies the allegations contained in Paragraph 50 of the Complaint.

51.     Because Plaintiff Royal was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to if and when VHU terminated Plaintiff Royal from employment and, therefore, denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant admits that its records indicate that around October 7, 2016, Plaintiff Soler's employer (TForce) assigned him to provide services to Amazon pursuant to the work order TForce executed with Amazon.  Defendant denies the remains allegations contained in Paragraph 52 of the Complaint and further avers that it lacks knowledge or information sufficient to form a belief as to Plaintiff Soler's race or ethnicity.

53.     Defendant admits that its records indicate that around October 7, 2016 Plaintiff Soler's employer (TForce) assigned him to provide services to Amazon pursuant to the work order TForce executed with Amazon and that, upon information and belief, TForce paid Plaintiff Soler for services Plaintiff Soler provided to TForce.  Because Plaintiff Soler was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 53 and, therefore, denies the same.

54.     Defendant admits that the work order executed by TForce contained certain contractual obligations regarding the procurement of criminal background and motor vehicle record checks on TForce employees assigned to service Amazon accounts.  Because Plaintiff Soler was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 54 and, therefore, denies the same.

55.     Because Plaintiff Soler was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Soler's work performance while employed by TForce and, therefore, denies the allegations contained in Paragraph 55 of the Complaint.

56.     Because Plaintiff Soler was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to if and when TForce terminated Plaintiff Soler from employment and, therefore, denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant admits that its records indicate that around May 12, 2016, Plaintiff Young's employer (MLSI) assigned him to provide services to Amazon pursuant to the work order MLSI executed with Amazon.  Defendant denies the remains allegations contained in Paragraph 57 of the Complaint and further avers that it lacks knowledge or information sufficient to form a belief as to Plaintiff Young's race.

58.     Defendant admits that its records indicate that around May 12, 2016 Plaintiff Young's employer (MLSI) assigned him to provide services to Amazon pursuant to the work order MLSI executed with Amazon and that, upon information and belief, MLSI paid Plaintiff for services Plaintiff provided to MLSI.  Because Plaintiff Young was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 58 and, therefore, denies the same.

59.     Defendant admits that the work order executed by MLSI contained certain contractual obligations regarding the procurement of criminal background and motor vehicle record checks on MLSI employees assigned to service Amazon accounts.  Because Plaintiff Young was not Amazon's employee, Amazon lacks knowledge or information sufficient to form a belief as to the remainder of Paragraph 59 and, therefore, denies the same.

60.     Because Plaintiff Young was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Young's work performance

while employed by MLSI and, therefore, denies the allegations contained in Paragraph 60 of the Complaint.

61.     Because Plaintiff Young was not Amazon's employee, Defendant lacks knowledge or information sufficient to form a belief as to if and when MLSI terminated Plaintiff Young from employment and, therefore, denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant admits that Plaintiffs purport to bring the instant action on behalf of themselves and other unidentified individuals.  Defendant denies the remaining allegations contained in Paragraph 62 of the Complaint and specifically denies that Plaintiffs' claims are amenable to class action adjudication.

63.     Defendant admits that Plaintiffs purport to "reserve the right to amend the definition of" the class defined in Paragraph 62 of the Complaint, but Defendant denies that Plaintiffs' claims are amenable to class action litigation and otherwise denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint and specifically denies that Plaintiffs' claims are amenable to class action adjudication.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint and specifically denies that Plaintiffs' claims are amenable to class action adjudication.

66.     Because Amazon did not employ Plaintiffs, Amazon lacks knowledge or information sufficient to form a belief as to whether (and, if so, the circumstances under which) the DSPs that employed Plaintiffs terminated their employment and also lacks knowledge as to whether Plaintiffs are Black or Latino.  On that basis, Defendant denies that "Plaintiffs are members of the class[]" defined in Paragraph 62 of the Complaint.  Defendant also denies that it

ever employed Plaintiffs and/or those whom they purport to represent and, accordingly, denies that it ever terminated Plaintiffs and/or those whom they purport to represent.  Defendant further denies the remaining allegations in Paragraph 66 of the Complaint and specifically denies that Plaintiffs' claims are amenable to class action adjudication.

67.     Defendant avers that at this time it lacks knowledge or information sufficient to form a belief as to Plaintiffs' commitment to pursuing this action or the competency of Plaintiffs' selected counsel.  Further, Defendant denies that Plaintiffs' claims are amenable to class action adjudication and denies the remaining allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint and specifically denies that Plaintiffs' claims are amenable to class action adjudication and that Plaintiffs and/or those whom they purport to represent are entitled to any of the relief they seek.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint and specifically denies that Plaintiffs' claims are amenable to class action adjudication and that Plaintiffs and/or those whom they purport to represent are entitled to any of the relief they seek.

70.     Defendant admits that Plaintiffs filed class action complaints with the Massachusetts Commission Against Discrimination, which were dual-filed with the EEOC, on January 31, 2017 and that Plaintiffs amended those complaints on January 13, 2018.  Defendant further avers that the Massachusetts Commission Against Discrimination denied Plaintiffs' request for class treatment.

71.     Defendant admits Paragraph 71 of the Complaint.

72.     Defendant incorporates by reference all of its previous responses to the Complaint as though fully set forth herein.

73.     Defendant admits that Plaintiffs have accurately and selectively quoted portions of Title VII in Paragraph 73 of the Complaint, which is a statute that speaks for itself.  Defendant therefore denies any effort by Plaintiff to characterize or suggest conclusions from the selectively quoted language.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

Defendant denies the prayer for relief contained in the unnumbered "Wherefore" paragraph of the Complaint (as well as its subparts A through K), and it specifically denies that this matter is suitable for class treatment and/or that Plaintiffs and those whom they purport to represent are entitled to any relief.

## **JURY TRIAL**

Defendant admits that Plaintiffs purport to request a jury trial.

## **GENERAL DENIAL**

Defendant denies every allegation not specifically admitted herein.

## **AFFIRMATIVE AND SEPARATE DEFENSES**

1.     Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted for Plaintiffs and/or some or all of the individuals they purport to represent.

2.     Some or all of Plaintiffs' claims and/or those of some or all of the individuals they purport to represent are barred, in whole or in part, by the applicable statutes of limitations governing the claims advanced by Plaintiffs.

3.     To the extent Plaintiffs are pursuing claims that are not described in, are broader than, or are not related to the Charges of Discrimination they dual-filed with the Massachusetts

Commission Against Discrimination and EEOC, Plaintiffs have failed to exhaust their administrative remedies with respect to those claims.

4.      To the extent that Plaintiffs failed to comply with the statutory and/or jurisdictional prerequisites for the institution of an action under Title VII, Plaintiffs' claims are barred and/or diminished.

5.      Some or all of Plaintiffs' claims and/or those of some or all of the individuals they purport to represent are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

6.      Some or all of Plaintiffs' claims and/or those of some or all of the individuals they purport to represent are barred, in whole or in part, to the extent some or all of these individuals have released or waived such claims.

7.      Defendant never employed any Plaintiff or any of the individuals Plaintiffs purport to represent under any applicable law or any common law doctrine and, therefore, cannot be held liable under Title VII, which applies only to employers.

8.      Although Defendant denies any wrongdoing, if any improper, illegal, or discriminatory acts were taken by any of Plaintiffs' employers against Plaintiffs, such acts were outside of the scope of and/or inconsistent with Defendant's contract with Plaintiffs' employers, and such acts were never ratified, confirmed, or approved by Defendant.

9.      Some or all of Plaintiffs' claims and/or those of some or all of the individuals they purport to represent are barred, in whole or in part, because Defendant's actions were job-related and/or justified by business necessity.

10.     To the extent Plaintiffs can state a prima facie case of discrimination based on disparate impact, which Defendant denies, Plaintiffs' claim fails because Plaintiffs cannot

establish the existence of an alternative policy or practice that has less disparate impact and cannot establish that Defendant refused to adopt this policy or practice.

11.     All actions taken with respect to Plaintiffs were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

12.     Defendant's actions taken with respect to Plaintiffs were based on bona fide factors other than race.

13.     Defendant, at all times relevant, exercised good faith efforts to comply with Title VII and other anti-discrimination statutes and, at all times relevant, acted reasonably, in good faith, and without malice.

14.     Defendant denies that Plaintiffs' race, ethnicity, or any other impermissible factor played any role in the decisions relating to their eligibility to perform delivery services for Amazon on behalf of their respective DSP employers.  Alternatively, even if some impermissible factor had played a role in any eligibility decision, which Defendant denies, the same decisions would have been reached for legitimate, non-discriminatory reasons.

15.     Defendant consistently exercised reasonable care to prevent and promptly correct any alleged discrimination.

16.     An award of punitive damages under the circumstances of this case would be an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution and the laws of the Commonwealth of Massachusetts.

17.     Some or all of Plaintiffs' claims and/or those of some or all of the individuals they purport to represent are barred, in whole or in part, by the doctrines of res judicata and/or equitable estoppel.

18.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and unclean hands because Plaintiffs, to the extent they suffered any harm, did not act promptly to notify Defendant of the alleged harm.

19.     To the extent that Plaintiffs have failed to mitigate their alleged damages, their claims and remedies are diminished or barred.

20.     Plaintiffs are not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive damages.

21.     Plaintiffs' request for reinstatement should be barred because Defendant cannot and does not exercise any control as to which individuals a DSP hires for employment.

22.     To the extent that, during the course of the litigation, Defendant acquires any evidence of wrongdoing by Plaintiffs, which wrongdoing would have materially affected the terms and conditions of Plaintiffs' assignment with Amazon and which would have resulted in Plaintiffs not being eligible to service Amazon accounts on behalf on their DSP employers, such after-acquired evidence shall bar or limit Plaintiffs' claims for liability and/or damages.

23.     To the extent that, during the course of the litigation, Defendant acquires any evidence of wrongdoing by Plaintiffs, which wrongdoing would have materially affected the terms and conditions of Plaintiffs' employment with their respective DSPs and which would have resulted in Plaintiffs' termination from employment by their DSPs, such after-acquired evidence shall bar or limit Plaintiffs' claims for liability and/or damages.

24.     Plaintiffs and/or some or all of the individuals they purport to represent are not entitled to equitable relief insofar as some or all of these individuals have an adequate remedy at law.

25.     Some or all of Plaintiffs' claims and/or those of some or all of the individuals they purport to represent are barred, in whole or in part, to the extent that they are subject to mandatory dispute resolution and arbitration.

26.     Some or all of Plaintiffs' claims and/or those of some or all of the individuals they purport to represent present inquiries for which individual questions predominate and, accordingly, are not appropriate for class action treatment.

27.     Some or all of Plaintiffs' claims are neither common to nor typical of those of some or all of the individuals they purport to represent and, accordingly, are not appropriate for class action treatment.

28.     The putative class action members whom Plaintiffs purport to represent are not ascertainable.

29.     Some or all of Plaintiffs' claims are not maintainable for, among other reasons, failure to satisfy the requirement of superiority and, accordingly, are not appropriate for class action treatment.

30.     Certain interests of the proposed class action members are in conflict with the interests of Plaintiffs and/or other proposed class action members that Plaintiffs purport to represent.

31.     The Court lacks personal jurisdiction over Defendant with respect to the claims of some or all of the individuals Plaintiffs purport to represent.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend its First Amended Answer and Defenses to the Complaint, including to assert such additional defenses that may appear and prove applicable during discovery proceedings and its continuing fact investigation, or otherwise, in this case.

**WHEREFORE,** Defendant requests as follows:

(A)     That the Complaint and each cause of action therein be dismissed with prejudice;

(B)     That Plaintiffs' requests for damages, remedies, fees, costs, and equitable and other relief be denied in their entirety, and that Plaintiffs take nothing by way of the Complaint;

(C)     That Defendant be awarded its costs of suit, disbursements, and attorneys' fees herein; and

(D)     That the Court order such other and further relief for Defendant as the Court may deem just and proper.

DATED: August 7, 2019

MORGAN, LEWIS & BOCKIUS LLP

By: _/s/ Peter J. Mee_____
     Peter J. Mee, Bar No. 677081
     One Federal Street
     Boston, MA  02110-1726
     Telephone: +1.617.341.7700
     Facsimile: +1.617.341.7701
     peter.mee@morganlewis.com

     Paul C. Evans, Esq.*
     1701 Market Street
     Philadelphia, PA  19103
     Telephone: +1.215.963.5000
     Facsimile: +1.215.963.5001
     paul.evans@morganlewis.com
     gregory.parks@morganlewis.com

     *Denotes national counsel who will seek
     pro hac vice admission.

## <u>CERTIFICATE OF SERVICE</u>

I, Peter J. Mee, hereby certify that, on August 7, 2019, a true and correct copy of the foregoing Defendant's First Amended Answer and Defenses to Plaintiffs' Class Action Complaint was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Eastern District of Massachusetts by the following:

Stephen Churchill, BBO #564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
steve@fairworklaw.com

Oren Sellstrom, BBO #560945
Sophia Hall, BBO #684541
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org
shall@lawyersforcivilrights.org

*/s/Peter J. Mee*
Peter J. Mee

*Counsel for Defendant Amazon.com, Inc.*